```
                  UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION


SANDRA K. ANDERSON                                       PLAINTIFF

VS.                              CIVIL ACTION NO. 3:12CV19TSL-MTP

THE SUMMIT GROUP, INC.
d/b/a RESIDENCE INN BY
MARRIOTT, a/k/a THE SUMMIT
GROUP OF SOUTH DAKOTA, INC.;
SUMMIT HOTEL PROPERTIES, LLC;
AND JOHN DOES ONE THROUGH FIVE                          DEFENDANTS


THE SUMMIT GROUP, INC.
d/b/a RESIDENCE INN BY
MARRIOTT, a/k/a THE SUMMIT
GROUP OF SOUTH DAKOTA, INC.;
SUMMIT HOTEL PROPERTIES, LLC               THIRD-PARTY PLAINTIFFS

VS.

HARRELL CONTRACTING GROUP, LLC              THIRD-PARTY DEFENDANT

VS.

MOTEL FLOORING INSTALLATIONS, INC.          THIRD-PARTY DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant The Summit Group d/b/a Residence Inn by Marriott a/k/a The Summit Group of South Dakota, Inc., and The Summit Hotel Properties, LLC (collectively Summit) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to plaintiff's claims against them. Plaintiff Sandra K. Anderson, who is now proceeding in this cause pro se', has not responded to the motion. There is also pending a motion by third-party defendant Harrell Contracting Group (Harrell) for summary judgment, to which Summit has

responded in opposition. The court, having considered Summit's motion and supporting memorandum and exhibits, concludes the motion is well taken and should be granted, and that plaintiff's complaint against Summit should be dismissed with prejudice. It follows that Summit's complaint for indemnity against Harrell should also be dismissed, as should Harrell's third-party complaint against Motel Flooring Installations, Inc., since those claims are now moot.

Plaintiff Sandra Anderson brought this action to recover for injuries she received in a fall on the stairs of the Residence Inn in which she was staying as a guest. Plaintiff alleges that she fell as a result of a defective condition in the carpeting on the stairs.

To prevail on a premises-liability case, "the plaintiff must establish one of the following: that the premises owner caused or created a hazardous condition, that the premises owner had actual knowledge of the hazardous condition but failed to warn or remedy the condition, or that the hazardous condition existed long enough to impute constructive knowledge to the premises owner." Cotton v. Fred's Stores of Tennessee, Inc., – So. 3d. –, 2013 WL 5313137, 2 (Miss. Ct. App. 2013) (citing Downs v. Choo, 656 So. 2d 84, 86 (Miss. 1995)). "Constructive knowledge may be imputed by showing the length of time the hazardous condition existed prior to the fall." Id. (citing Waller v. Dixieland Food Stores, Inc., 492 So.

2

2d 283, 285 (Miss. 1986)).  Plaintiff has offered no proof (and there is otherwise no proof in the record) that the alleged condition was caused by Summit.  She has offered no proof (and there is otherwise no proof in the record) that Summit was aware of the condition prior to her accident.  And she has offered no proof as to how long the alleged condition had existed (if at all) prior to her accident.  Summit is therefore entitled to summary judgment.  And, since Summit is entitled to summary judgment on plaintiff's claim against it, it follows that Harrell is entitled to dismissal of Summit's third-party claim against it for indemnity.  It also follows that as a result of the dismissal of plaintiff's claim against Summit and Summit's claim against Harrell, Harrell's third-party claim for indemnity against Motel Flooring Installations is moot.

Accordingly, based on the foregoing, it is ordered that Summit's motion for summary judgment is granted, as is Harrell's motion for summary judgment.  It is therefore ordered that plaintiff's complaint is dismissed with prejudice, as is Summit's third-party complaint against Harrell and Harrell's third-party complaint against Motel Flooring Installations, Inc.

A separate judgment will be entered in accordance with Rule 56 of the Federal Rules of Civil Procedure.

SO ORDERED this  17th    day of October, 2013.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE